ERIOUS JOHNSON, JR., OSB #130574
HARMON JOHNSON LLC
E-mail: Ejohnson.HJLLC@gmail.com
University Station Executive Suites
698 12th St. SE, Suite 240, Rm. 4
Salem, OR 97301
Tel: (503) 991-8545
Fax: (503) 622-8545

Of Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JEFFREY CRAIG,** | |
| Plaintiff, | Civil Case No. 22CV00141 |
| vs. | |
| **MARKUS BIGEAGLE**, an individual, **DANIEL MARCIANO**, an individual, **ANTHONY SMITH**, an individual, **STEVE TAYLOR**, an individual, **MARK DELONG**, an individual, **GRESHAM POLICE DEPARTMENT**, **CITY OF GRESHAM**, and the **MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE**, | **COMPLAINT**<br><br>(Civil Rights Claims under 42 U.S.C. § 1983)<br><br>**DEMAND FOR A JURY TRIAL** |
| Defendants. | |
| **'S OFFICE** | |

### I.  INTRODUCTION

1.      Pursuant to 42 U.S.C. § 1983, Plaintiff alleges the deprivation of his rights as protected by state and federal constitutions. He seeks economic, noneconomic, and punitive damages, and equitable remedies, including attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial.

////

PAGE 1 – COMPLAINT



## II.  JURISDICTION AND VENUE

2.      This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 because Plaintiff asserts a cause of action arising under the Constitution, laws, or treaties of the United States.

3.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

## III.  PARTIES

4.      At all materials times herein, Plaintiff JEFFREY CRAIG ("Craig") is a resident of Clackamas County, Oregon.

5.      At all materials times herein, Defendant CITY OF GRESHAM ("City") is located in Multnomah County, Oregon, and is a municipal corporation with the name of "City of Gresham." Defendant City's main office is located at 1333 NW Eastman Parkway, Gresham, OR 97030. Defendant City is an "employer," pursuant to 42 U.S.C. § 2000e(b), and "person," pursuant to 42 U.S.C. § 2000e(a).

6.      At all materials times herein, Defendant City had the power, right and duty to control the way Defendants listed herein carried out employment objectives and to see that all laws, codes, orders, rules, instructions, regulations, and trainings promulgated for and by the Defendant GRESHAM POLICE DEPARTMENT were consistent with the laws of the State and the U.S. Constitution.

7.      At all materials times herein, Defendant GRESHAM POLICE DEPARTMENT ("Gresham P.D.") is a mid-sized agency serving the fourth largest city in Oregon. Defendant Gresham P.D.'s main office is located at 1333 NW Eastman Parkway, Gresham, OR 97030. Defendant Gresham P.D. is an "employer," pursuant to 42 U.S.C. § 2000e(b), and "person,"



pursuant to 42 U.S.C. § 2000e(a).

8.      At all materials times herein, Defendant Gresham P.D. had the power, right and duty to control the way the Individual Defendants listed herein carried out employment objectives and to see that all laws, codes, orders, rules, instructions, regulations, and trainings promulgated were consistent with the laws of the State and the U.S. Constitution.

9.      At all materials times herein, Defendant MULTNOMAH COUNTY DISTRICT ATTORNEY'S OFFICE ("Mult. D.A.") is located in Multnomah County, Oregon, and is responsible for prosecuting offenders who commit state criminal law violations in Multnomah County. Defendant Mult. D.A.'s main office is located at 1200 SW 1st Ave., Suite 5200, Portland, OR 97204. Defendant Mult. D.A. is an "employer," pursuant to 42 U.S.C. § 2000e(b), and "person," pursuant to 42 U.S.C. § 2000e(a).

10.     At all materials times herein, Defendant MARKUS BIGEAGLE, was Defendant City and Gresham P.D.'s employee, and a resident of Multnomah County, Oregon. Defendant Bigeagle is sued here in his official and individual capacity.

11.     At all materials times herein, Defendant MARK DELONG, was Defendant City and Gresham P.D.'s employee, and a resident of Multnomah County, Oregon. Defendant DeLong is sued here in his official and individual capacity.

12.     At all materials times herein, Defendant ANTHONY SMITH, was Defendant City and Gresham P.D.'s employee, and a resident of Multnomah County, Oregon. Defendant Smith is sued here in his official and individual capacity.

13.     At all materials times herein, Defendant STEVE TAYLOR, was Defendant City and Gresham P.D.'s employee, and a resident of Multnomah County, Oregon. Defendant Taylor is sued here in his official and individual capacity.


HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

14. At all materials times herein, Defendant DANIEL MARCIANO, was Defendant City and Gresham P.D.'s employee, and a resident of Multnomah County, Oregon. Defendant Smith is sued here in his official and individual capacity.

15. At all materials times herein, Defendant ERIC PALMER, was employed by the Multnomah County's District Attorney's, and a resident of Multnomah County, Oregon. Defendant Palmer is sued here in his official and individual capacity.

## IV. FACTS

16. On or about January 29th, 2020, at or about 3:31 PM, Gresham Police Officers were called to the Rockwood Lounge (Lounge) located at 2410 SE 182nd Ave. Portland, OR 97233, where they encountered Plaintiff.

17. Plaintiff had been patronizing the Lounge.

18. Police Officers were purportedly called because the bartender claimed that she wanted Plaintiff removed from the premises.

19. Defendant Taylor arrived at the Lounge first, finding Plaintiff speaking to the bartender.

20. Defendant Taylor told Plaintiff "let's go," and Plaintiff walked out peacefully, followed by Defendant Taylor

21. At this point, Defendants DeLong and Bigeagle arrived and began speaking with Plaintiff, while Defendant Taylor went back inside the Lounge to speak with patrons.

22. While Defendant Taylor was inside, Defendant DeLong suddenly decided to detain Plaintiff, announcing, "You are not free to move from that spot. How do you like them apples?"

////

PAGE 4 – COMPLAINT

HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

23.    Defendant Taylor then returned from the Lounge and told Plaintiff that the Lounge did not want him to return, and Plaintiff said, "That's fine. So I can go about my business?"

24.    Defendant DeLong offered to shake Plaintiff's hand, which Plaintiff refused.

25.    Defendant DeLong then announced, "Here's what's going to happen: you're going to get patted down for weapons."

26.    Defendant DeLong attributed his decision to search Plaintiff to the fact that Plaintiff was wearing a Gypsy Jokers sweatshirt.

 

27.    Defendants DeLong and Bigeagle then placed wrist locks on Plaintiff, as Defendant Taylor, frisked him without finding any weapons.

 

HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

28.     After approximately five minutes of being held in the wrist lock, Plaintiff complained and then told Defendant Bigeagle, "I'm not kneeing you in the face right now but I want to."

29.     In response to Plaintiff's statements, the Defendants decided to place Plaintiff in handcuffs.

30.     Defendant Bigeagle explained in his Report that Defendants handcuffed Plaintiff "for everyone's safety."

31.     However, Defendant Taylor wrote in his Report that Plaintiff was handcuffed because Defendant Taylor believed that "there was enough at this time for an arrest".

32.     Defendant Bigeagle then used a leg sweep to bring Plaintiff to the ground.



33.     Defendant Bigeagle then kicked Plaintiff once he was on the ground.



PAGE 6 – COMPLAINT

HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

34.    Defendant Bigeagle then strangled Plaintiff while he was on the ground and in handcuffs.



35.    Defendant DeLong then placed his knee on Plaintiff's neck, similar to the illegal maneuver that lead to the murder of George Floyd.



////

////

PAGE 7 – COMPLAINT


HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

36.     Plaintiff was then placed in a "hobble restraint."



37.     Plaintiff was subsequently charged by Gresham Police with Disorderly Conduct and Assaulting a Public Safety Defendant.

38.     On or about January 30, 2020, despite Body Camera footage showing that Officer's lacked both reasonable suspicion and probable cause to search and seize Plaintiff for a crime, and that Individuals Defendants had subjected Plaintiff to numerous instances of unlawful, unreasonable and excessive uses of force, Defendant Mult. D.A. charged Plaintiff by Information in case No. 20CR06364, with Attempted Assault of a Public Safety Officer and Resisting Arrest.

39.     On or about, October 27, 2021, all charges were dismissed in Plaintiff's favor.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Freedom of Expression**
**First Amendment Violation**
**Against Individual Defendants**

40.     Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

41.     At all times material, the Individual Defendants were acting under "color of state law."

PAGE 8 – COMPLAINT



HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
E.JOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

42.     Plaintiff had a First Amendment right to associate with the Gypsy Jokers.

43.     Individual Defendants unreasonably seized, searched, arrested and charged Plaintiff in retaliation for Plaintiff exercising his Constitutional right to freely associate himself with the Gypsy Jokers.

44.     The Individual Defendants were each aware of their fellow officers' violation of Plaintiff's First Amendment right to freely associate, and directed, engaged in, contributed to, fostered and ratified their fellow officers' unlawful and unconstitutional behavior toward Plaintiff.

45.     As a direct and proximate result of Defendants' unlawful and unconstitutional acts, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

46.     As a direct and proximate result of Defendants' unlawful and unconstitutional acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

47.     Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

48.     Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Unreasonable Seizure of Plaintiff's Person**
**Individual Defendants**

49.    Plaintiff incorporates paragraphs 1 through 48 as if fully set forth herein.

50.    At all times material, the Individual Defendants were acting under "color of state law."

51.    At all times material, Plaintiff had a Fourth Amendment right against unreasonable seizures of his person.

52.    Defendant DeLong seized Plaintiff without probable cause when he told Plaintiff that he was not free to move.

53.    The Individual Defendants were aware of Defendant DeLongs' unlawful seizure of Plaintiff and directed, engaged in, contributed to, fostered and ratified Defendant DeLongs' unlawful and unconstitutional behavior toward Plaintiff.

54.    As a direct and proximate result of Individual Defendants' unlawful and unconstitutional acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

55.    Individual Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

56.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Unreasonable Search of Plaintiff's Person**
**Individual Defendants**

PAGE 10 – COMPLAINT



HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

57.    Plaintiff incorporates paragraphs 1 through 56 as if fully set forth herein.

58.    At all times material, the Individual Defendants were acting under "color of state law."

59.    At all times material, Plaintiff had a Fourth Amendment right against unreasonable searches of his person.

60.    Defendant DeLong, Defendant Bigeagle and Defendant Taylor searched Plaintiff without reasonable suspicion or probable cause when they placed Plaintiff in wrist locks and searched his person.

61.    The Individual Defendants were aware of Defendant DeLong, Defendant Bigeagle and Defendant Taylors' unlawful search of Plaintiff and directed, engaged in, contributed to, fostered and ratified their fellow officers' unlawful and unconstitutional behavior toward Plaintiff.

62.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

63.    Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

64.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

////

////

PAGE 11 – COMPLAINT



**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Excessive Use of Force/Wrist Locks**
**Individual Defendants**

65.     Plaintiff incorporates paragraphs 1 through 64 as if fully set forth herein.

66.     At all times material, the Individual Defendants were acting under "color of state law."

67.     At all times material, Plaintiff had a Fourth Amendment right against the excessive use of force in searching and seizing his person.

68.     Defendant DeLong and Defendant Bigeagle subjected Plaintiff to the excessive use of force when they placed Plaintiff in wrist locks, while Defendant Taylor conducted a pat down search of Plaintiff's person without reasonable suspicion or probable cause that Plaintiff was involved in criminal activity.

69.     The Individual Defendants were aware of Defendant DeLong and Defendant Bigeagle's excessive use of force against Plaintiff and directed, engaged in, contributed to, fostered and ratified their fellow officers' unconstitutional behavior toward Plaintiff.

70.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

71.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

72.     Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

PAGE 12 – COMPLAINT



HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

73.     Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

### FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Fourth Amendment Violation
### Excessive Use of Force/Leg Sweep
### Individual Defendants

74.     Plaintiff incorporates paragraphs 1 through 73 as if fully set forth herein.

75.     At all times material, the Individual Defendants were acting under "color of state law."

76.     At all times material, Plaintiff had a Fourth Amendment right against the excessive use of force in seizing his person.

77.     Defendant Bigeagle subjected Plaintiff to the excessive use of force when he used a leg sweep to bring Plaintiff to the ground without probable cause that Plaintiff was involved in criminal activity.

78.     The Individual Defendants were aware of Defendant Bigeagle's excessive use of force against Plaintiff and directed, engaged in, contributed to, fostered and ratified their fellow officer's unconstitutional behavior toward Plaintiff.

79.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

80.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

////

PAGE 13 – COMPLAINT



81.     Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

82.     Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**SIXTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Excessive Use of Force/Kick**
**Individual Defendants**

83.     Plaintiff incorporates paragraphs 1 through 82 as if fully set forth herein.

84.     At all times material, the Individual Defendants were acting under "color of state law."

85.     At all times material, Plaintiff had a Fourth Amendment right against the excessive use of force in seizing his person.

86.     Defendant Bigeagle subjected Plaintiff to the excessive use of force when he kicked Plaintiff while Plaintiff was restrained on the ground.

87.     The Individual Defendants were aware of Defendant Bigeagle's excessive use of force against Plaintiff and directed, engaged in, contributed to, fostered and ratified their fellow officers' unconstitutional behavior toward Plaintiff.

88.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

////

////

PAGE 14 – COMPLAINT

HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

89.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

90.     Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

91.     Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**SEVENTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Excessive Use of Force/Strangulation**
**Individual Defendants**

92.     Plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

93.     At all times material, the Individual Defendants were acting under "color of state law."

94.     At all times material, Plaintiff had a Fourth Amendment right against the excessive use of force in seizing his person.

95.     Defendant Bigeagle subjected Plaintiff to the excessive use of force when he strangled Plaintiff while Plaintiff was restrained on the ground.

96.     The Individual Defendants were aware of Defendant Bigeagle's excessive use of force against Plaintiff and directed, engaged in, contributed to, fostered and ratified their fellow officers' unconstitutional behavior toward Plaintiff.

////

PAGE 15 – COMPLAINT



HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

97.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

98.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

99.    Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

100.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**EIGHTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Excessive Use of Force/Knee on Neck**
**Individual Defendants**

101.    Plaintiff incorporates paragraphs 1 through 100 as if fully set forth herein.

102.    At all times material, the Individual Defendants were acting under "color of state law."

103.    At all times material, Plaintiff had a Fourth Amendment right against the excessive use of force in seizing his person.

104.    Defendant DeLong subjected Plaintiff to the excessive use of force when he placed his knee on Plaintiff's neck while Plaintiff was restrained on the ground.

////

////

PAGE 16 – COMPLAINT

HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

105.    The Individual Defendants were aware of their Defendant Bigeagle's excessive use of force against Plaintiff and directed, engaged in, contributed to, fostered and ratified their fellow officers' unconstitutional behavior toward Plaintiff.

106.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

107.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

108.    Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

109.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**NINTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Excessive Use of Force/Hobble Restraint**
**Individual Defendants**

110.    Plaintiff incorporates paragraphs 1 through 109 as if fully set forth herein.

111.    At all times material, the Individual Defendants were acting under "color of state law."

112.    At all times material, Plaintiff had a Fourth Amendment right against the excessive use of force in seizing his person.

////

PAGE 17 – COMPLAINT



113.    Individual Defendants subjected Plaintiff to the unreasonable and excessive use of force when Defendants placed Plaintiff in a "hobble restraint."

114.    The Individual Defendants were aware of their fellow officers' excessive use of force against Plaintiff and directed, engaged in, contributed to, fostered and ratified their fellow officers' unconstitutional behavior toward Plaintiff.

115.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

116.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

117.    Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

118.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**TENTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Employer Liability**
**Custom, Policy and Practice**
**Against Defendant Gresham P.D. and Defendant City of Gresham**

119.    Plaintiff incorporates paragraphs 1 through 118 as if fully set forth herein.

120.    The failures of Defendants described herein were taken under "color of state law."

121.    By the acts described herein, Defendant City is liable for the acts of Defendant Gresham P.D. and the Individual Defendants.



122.    By the acts described above, Defendant Gresham P.D. is liable for the acts of the Individual Officer Defendants.

123.    Defendants have a custom, policy, and practice of allowing its employees to search and seize individuals in violation of their First Amendment right to free association.

124.    Defendants have a custom, policy, and practice of allowing its employees to search individuals without reasonable suspicion or probable cause in violation of their Fourth Amendment right to be free from unreasonable searches and seizures.

125.    Defendants have a custom, policy, and practice of allowing its employees to seize individuals without probable cause in violation of their Fourth Amendment right to be free from unreasonable searches and seizures.

126.    Defendants have a custom, policy, and practice of allowing its employees to use excessive force against individuals in violation of their Fourth Amendment right to be free from unreasonable searches and seizures.

127.    This custom, policy and practice is evidenced by, among other things, the failure of Individual Officer Defendants to:

   a.  *Intercede* in their colleagues constitutional violations against Plaintiff;

   b.  *Deescalate* the situation to avoid their colleagues constitutional violations against Plaintiff;

   c.  Adhere to Defendant Gresham P.D.'s policy on the *use of fore to effect an arrest*;

   d.  Recognize the *factors used to determine the reasonableness of force*; and

   e.  Lawfully utilize appropriate *pain compliance techniques*.

128.    Defendants directed, engaged in, contributed to, fostered and ratified the constitutional violations perpetrated against Plaintiff described above.

PAGE 19 – COMPLAINT



HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

129.    It was foreseeable that Defendants' custom, policy and practice would lead to the violation of Plaintiff's First Amendment rights as claimed herein.

130.    It was foreseeable that Defendants' custom, policy and practice would lead to the violation of Plaintiff's Fourth Amendment rights as claimed herein.

131.    As a direct and proximate result of Defendants' custom, policy and practice, Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

132.    As a direct and proximate result of Defendants' custom, policy and practice, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

133.    Defendants' custom, policy and practice demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

134.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**ELEVENTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Employer Liability**
**Deliberate Indifference**
**Against Defendant City of Gresham and Defendant Gresham P.D.**

135.    Plaintiff incorporates paragraphs 1 through 134 as if fully set forth herein.

136.    The failures of Defendants described herein were taken under "color of state law."

137.    By the acts described herein, Defendant City is liable for the acts of Individual Officer Defendants and Defendant Gresham P.D.

////

PAGE 20 – COMPLAINT



HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

138.    By the acts described above, Defendant Gresham P.D. is liable for the acts of the Individual Officer Defendants.

139.    Defendant City failed to train, supervise, oversee, control and discipline the Defendant Gresham P.D. regarding individuals' First Amendment right to express their association with organizations law enforcement may find distasteful, such as Plaintiff.

140.    Defendant Gresham P.D. failed to train, supervise, oversee, control and discipline the Individual Officer Defendants regarding individuals' First Amendment right to express their association with organizations law enforcement may find distasteful, such as Plaintiff.

141.    Defendant City's failure to train, supervise, oversee, control and discipline Defendant Gresham P.D. evidences a deliberate indifference to Plaintiff's freedom of expression and association as guaranteed by the First Amendment of the US Constitution.

142.    Defendant Gresham P.D.'s failure to train, supervise, oversee, control and discipline the Individual Defendants evidences a deliberate indifference to Plaintiff's freedom of expression and association as guaranteed by the First Amendment of the US Constitution.

143.    It was foreseeable that Defendant City's failure to train, supervise, oversee, control and discipline Defendant Gresham P.D. would result in a deprivation of Plaintiff's freedom of expression and association as guaranteed by the First Amendment of the US Constitution.

144.    It was foreseeable that Defendant Gresham P.D.'s failure to train, supervise, oversee, control and discipline the Individual Defendants would result in a deprivation of Plaintiff's freedom of expression and association as guaranteed by the First Amendment of the US Constitution.

////

PAGE 21 – COMPLAINT



HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

145. Defendant City failed to train, supervise, oversee, control and discipline the Defendant Gresham P.D. on how not to violate the Fourth Amendment rights of individuals by seizing such individuals without reasonable suspicion or probable cause.

146. Defendant Gresham P.D. failed to train, supervise, oversee, control and discipline the Individual Defendants on how not to violate the Fourth Amendment rights of individuals by seizing such individuals without reasonable suspicion or probable cause.

147. Defendant City's failure to train, supervise, oversee, control and discipline Defendant Gresham P.D. evidences a deliberate indifference to Plaintiff's right to be free from unreasonable seizures as guaranteed by the Fourth Amendment of the US Constitution.

148. Defendant Gresham P.D.'s failure to train, supervise, oversee, control and discipline the Individual Defendants evidences a deliberate indifference to Plaintiff's right to be free from unreasonable seizures as guaranteed by the Fourth Amendment of the US Constitution.

149. It was foreseeable that Defendant City's failure to train, supervise, oversee, control and discipline Defendant Gresham P.D. would result in a deprivation of Plaintiff's right to be free from unreasonable seizures as guaranteed by the Fourth Amendment of the US Constitution.

150. It was foreseeable that Defendant Gresham P.D.'s failure to train, supervise, oversee, control and discipline the Individual Defendants would result in a deprivation of Plaintiff's right to be free from unreasonable seizures as guaranteed by the Fourth Amendment of the US Constitution.

151. Defendant City failed to train, supervise, oversee, control and discipline the Defendant Gresham P.D. on how not to violate the Fourth Amendment rights of individuals by searching such individuals without reasonable suspicion or probable cause.



152.    Defendant Gresham P.D. failed to train the Individual Officer Defendants on how not to violate the Fourth Amendment rights of individuals by searching such individuals without reasonable suspicion or probable cause.

153.    Defendant City's failure to train Defendant Gresham P.D. evidences a deliberate indifference to Plaintiff's right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the US Constitution.

154.    Defendant Gresham P.D.'s failure to train the Individual Defendants evidences a deliberate indifference to Plaintiff's right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the US Constitution.

155.    It was foreseeable that Defendant City's failure to train Defendant Gresham P.D. would result in a deprivation of Plaintiff's right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the US Constitution.

156.    It was foreseeable that Defendant Gresham P.D.'s failure to train the Individual Officer Defendants would result in a deprivation of Plaintiff's right to be free from unreasonable searches as guaranteed by the Fourth Amendment of the US Constitution.

157.    Defendant City failed to train, supervise, oversee, control and discipline the Defendant Gresham P.D. on how not to violate individuals' Fourth Amendment right to be free from the excessive use of force.

158.    Defendant Gresham P.D. failed to train, supervise, oversee, control and discipline the Individual Defendants on how not to violate individuals' Fourth Amendment right to be free from the excessive use of force.

////

////

PAGE 23 – COMPLAINT

HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

159.     Defendant City's failure to train, supervise, oversee, control and discipline Defendant Gresham P.D. evidences a deliberate indifference to Plaintiff's right to be free from the excessive use of force as guaranteed by the Fourth Amendment of the US Constitution.

160.     Defendant Gresham P.D.'s failure to train, supervise, oversee, control and discipline the Individual Defendants evidences a deliberate indifference to Plaintiff's right to be free from the excessive use of force as guaranteed by the Fourth Amendment of the US Constitution.

161.     It was foreseeable that Defendant City's failure to train, supervise, oversee, control and discipline Defendant Gresham P.D. would result in a deprivation of Plaintiff's right to be free from the excessive use of force as guaranteed by the Fourth Amendment of the US Constitution.

162.     It was foreseeable that Defendant Gresham P.D.'s failure to train, supervise, oversee, control and discipline the Individual Defendants would result in a deprivation of Plaintiff's right to be free from the excessive use of force as guaranteed by the Fourth Amendment of the US Constitution.

163.     As a direct and proximate result of Defendants' failure to train, supervise, oversee, control and discipline Plaintiff has suffered physical pain and suffering in amounts to be determined by the jury at trial.

164.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

////

////

PAGE 24 – COMPLAINT

165.    Defendants' conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

166.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**TWELTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment Violation**
**Malicious Prosecution**
**Against Defendant Mult. D.A.**

167.    Plaintiff incorporates paragraphs 1 through 166 as if fully set forth herein.

168.    The failures of Defendants described herein were taken under "color of state law."

169.    At all times material, Plaintiff had a Fourth Amendment right against being charged with criminal offenses and being subjected to criminal process without probable cause that he had committed a crime.

170.    Despite video evidence that Individual Defendants had unlawfully searched and seized Plaintiff, Defendant Mult. D.A. criminal charged Plaintiff without probable cause to support those charges and proceedings.

171.    Defendant Mult. D.A. criminal charged Plaintiff without probable cause to support those charges and proceedings, despite video evidence that Plaintiff was unlawfully searched and seized by Individual Defendants solely because he associated himself with the Gypsy Jokers.

172.    The charges filed against Plaintiff were dismissed in his favor.

////

PAGE 25 – COMPLAINT



173.    As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

174.    Defendant's conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to Plaintiff's constitutional rights, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

175.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    Economic damages in an amount to be determined at trial;

2.    Non-economic damages consistent with the claims above against Defendants in amounts to be determined at trial;

3.    All available equitable relief and damages in amounts to be determined at trial, consistent with the claims above against Defendants;

4.    Punitive damages consistent with the claims above against Defendants in amounts to be determined at trial;

5.    Reasonable attorneys' fees and litigation expenses/costs herein, including expert witness fees and expenses, consistent with the claims above against defendants; and

////

////

////

////

PAGE 26 – COMPLAINT

HJ LLC
HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
E.JOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)

6.      Grant such other relief as is just and proper.

DATED this 26TH day of January, 2022.

HARMON JOHNSON LLC

Erious Johnson, Jr. OSB No. 130574
Email: ejohnson.HJLLC@gmail.com
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

PAGE 27 – COMPLAINT

HARMON JOHNSON LLC
698 12TH ST SE, STE 240, NO. 4
SALEM, OR 97301
EJOHNSON.HJLLC@GMAIL.COM
(503) 991-8545 (PHONE)
(503) 622-8545 (FAX)